RECEIVED
IN LAKE CHARLES, LA

SEP 24 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LINDA VEZINA ET AL. | : | DOCKET NO. 2:07 CV 0904 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss based on lack of subject matter jurisdiction filed on behalf of the defendant United States of America. The plaintiff, Linda Vezina, has filed an opposition.

## BACKGROUND

On March 10, 2004, plaintiff Linda Vezina ("Vezina") underwent diagnostic laparoscopy by James T. Austin, Jr. MD, for chronic abdominal pain and pelvic adhesions.[1] Vezina alleges, individually and as tutrix of her daughter, that Dr. Austin's medical negligence during that procedure resulted in complications that included lengthy hospitalizations, multiple surgeries, and extensive medical care.[2] Vezina filed suit with the Louisiana Compensation Fund on March 10, 2005, under the Louisiana Medical Malpractice Act.[3] On March 24, 2005, Veniza discovered that Dr. Austin is

---

[1] Pl.'s Ex. C ¶ 3 (Petition for Damages, filed in 14th Judicial District Court on May 17, 2005).

[2] *Id.* ¶¶ 9-19.

[3] *Id.* ¶ 16.

1

not a qualified provider.[4] Vezina filed suit in the Fourteenth Judicial District Court of Louisiana on May 17, 2005.[5] On November 17, 2005, Vezina amended her original claim to add Southwest Louisiana Center for Health Services as an additional defendant.[6]

On January 3, 2006, Vezina added the Bayou Comprehensive Health Foundation as an additional defendant.[7] On March 29, 2006, the United States filed a Notice of Removal due to Dr. Austin's status as a federal employee.[8] On March 30, 2006, Vezina filed a claim pursuant to the Federal Tort Claims Act ("FTCA").[9] On April 4, 2006, the United States Department of Health and Human Services acknowledged receipt of Vezina's claim.[10]

On April 28, 2006, the United States filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies, which was granted by this court on June 30, 2006.[11] On April 30, 2007, the United States formally denied Vezina's claim arising under the FTCA, which constituted the final determination on Vezina's claim.[12] The denial letter states that Vezina has six months to file

---

[4] *Id.* ¶ 17.

[5] *Id.*

[6] Pl.'s Ex. G.

[7] Def.'s Mem. in Support of Mot. to Dismiss 1.

[8] Def.'s Mem. in Support of Mot. to Dismiss 1; Pl.'s Statement of Uncontested Facts 2.

[9] Pl.'s Ex. M.

[10] Pl.'s Ex. N.

[11] Pl.'s Exs. O-P.

[12] Pl.'s Ex. R.

in the appropriate federal court.[13] On May 30, 2007, Vezina filed the present suit. On July 23, 2007, the United States filed a Motion to Dismiss based on lack of subject matter jurisdiction for Vezina's failure to exhaust her administrative remedies under the FTCA.[14]

## RULE 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. FED. R. CIV. P. 12(b)(1). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

On a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson*, 645 F.2d at 413). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

The United States waives its sovereign immunity through the FTCA. 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA provides procedural requirements that a plaintiff must satisfy to

---

[13] *Id.*

[14] Def.'s Mot. to Dismiss.

bring a tort claim against the federal government. 28 U.S.C. § 2401(b). These procedural requirements provide:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* "Notwithstanding the 'disjunctive phraseology,' a claimant *must* file his administrative claim within two years of accrual *and* file suit within six months of its denial." *Ramming*, 281 F.3d at 162.

Although the tolling period is strictly construed, there are two important caveats for plaintiffs who have failed to file an administrative claim within two years of accrual. *See e.g., Bryant v. United States*, 96 F. Supp.2d 552, 554 (N.D. Miss. 2000). First, when the United States is later substituted as the party, the plaintiff is deemed to have complied with the timely filing requirements of 28 U.S.C. § 2401(b) if the plaintiff shows that: 1.) the claim would have been timely filed on the date the underlying civil action was filed, and 2.) the claim is presented to the appropriate federal agency within sixty days after dismissal of the civil action. 28 U.S.C. § 2679(d) (5)(A)-(B).[15] Second, in certain circumstances a court may equitably toll the FTCA's two-year period. *Bryant*, 96 F. Supp.2d at 554.

In this case, the United States replaced Dr. Austen as the defendant in case number 2005-

---

[15] Under the FTCA, the United States Attorney General defends any civil actions brought against federal governmental employees. 28 U.S.C. § 2679(c). The FTCA imposes a duty on governmental employee against whom proceedings are brought to deliver all process served. *Id.*

2604 in the Fourteenth Judicial District Court on March 29, 2006. Also on March 29, 2006, the United States removed the suit to federal court. Accordingly, the United States was substituted as a party, and the supplemental provisions for timeliness established by 28 U.S.C. § 2679(d)(5)(A)-(B) apply in this case.

First, the plaintiff must demonstrate that the original case would have been timely filed on the date the underlying civil action was filed. 28 U.S.C. § 2679(d)(5)(A)-(B). Here, the original case was filed in Louisiana state court on May 17, 2005, just over a year after the alleged malpractice occurred and well within the two year statute of limitations the FTCA requires. Thus, Vezina's claim satisfies the first requirement for timeliness.

Second, the plaintiff must present the claim to the appropriate federal agency within sixty days after dismissal of the civil action. The civil action was dismissed by this court on June 30, 2006 for failure to exhaust administrative remedies. Vezina filed a FTCA claim with the Department of Health and Human Services on March 30, 2006, before the sixty day period began, also satisfying the second requirement for timeliness.

Accordingly, Vezina complied with the timely filing requirements of 28 U.S.C. § 2679(d)(5)(A)-(B), and this court has subject matter jurisdiction over her claim. Because Vezina satisfies the FTCA's own exception for timely filing that apply when the United States is substituted as a party, it is unnecessary to examine whether equitable tolling also applies.[16]

IT IS ORDERED that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on behalf of the United States is hereby DENIED.

---

[16] Further, courts extend equitable tolling "sparingly." *Bryant*, 96 F. Supp.2d at 552.

Lake Charles, Louisiana, this \_\_\_\_ day of _____, 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE